E-FILED
Friday, 09 November, 2018  10:00:07 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT P. HEATHER and<br>KENNETH S. HORNER,[1]<br><br>  Plaintiff,<br><br>  v.<br><br>ADAMS COUNTY JAIL,<br>BRIAN VONDERHAAR, and<br>CHAD DOWNS,<br><br>  Defendants. | 18-CV-3156 |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiffs proceed pro se from their incarceration in the Illinois Department of Corrections.  Their Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[2]  In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiffs' favor and taking their pro se

---

[1] Plaintiffs Norris, Snider, and Lerch have been dismissed for failure to keep a current address or pay the filing fee.
[2] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

status into account.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

 Plaintiffs challenge the conditions they endured at the Adams County Jail, alleging pest infestation, black mold, clogged toilets and sinks, peeling paint, lack of medical care, unsanitary food service, overcrowding with detainees sleeping on floors, unsafe drinking water, and unsafe cell assignments.

 The conditions which both Plaintiffs were subjected to will proceed on a constitutional due process claim for inhumane conditions.  These conditions include the alleged pest infestation, black mold, clogged toilets and sinks, peeling paint, unsanitary food service, overcrowding with detainees sleeping on floors, and unsafe drinking water.  No plausible inference arises at this time that either Plaintiff's personal safety was put at risk by his cell assignment or that either Plaintiff was personally denied needed medical care.  Plaintiffs Heather and Horner cannot pursue

challenges on behalf of other inmates—they may only pursue claims arising from adverse events which they personally experienced.

Plaintiffs Heather and Horner are now housed in different IDOC facilities. While this does not bar them from continuing to proceed as joint plaintiffs, severance of this case into two cases may become necessary as a practical matter. Any filing by the Plaintiffs must be signed by both Plaintiffs. The Court will not consider a filing signed by only one Plaintiff. Whether severance is necessary will be determined after Defendants have been served.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiffs state a constitutional claim for inhumane conditions of confinement at the Adams County Jail. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) The Adams County Jail is dismissed as a Defendant. The Jail is not an entity that can be sued under 42 U.S.C. § 1983.

3) This case is now in the process of service. Plaintiffs are advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiffs need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiffs may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiffs, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding

addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiffs with the Clerk. Plaintiffs do not need to mail to Defense counsel copies of motions and other papers that Plaintiffs have filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiffs must mail their discovery requests and responses directly to Defendants' counsel. Discovery requests

or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

    8) Counsel for Defendants is hereby granted leave to depose Plaintiffs at their places of confinement. Counsel for Defendants shall arrange the time for the depositions.

    9) Plaintiffs shall immediately notify the Court, in writing, of any change in their mailing addresses and telephone numbers. A Plaintiff's failure to do so will result in dismissal of that Plaintiff.

    10) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

    11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiffs are directed to sign and return the authorization to Defendants' counsel.

12) **Plaintiff Heather's motion for the Court to try to find pro bono counsel is denied, with leave to renew with both Plaintiff's information and signatures. (d/e 4**.) If Plaintiffs file a motion for counsel, they must demonstrate that they have made reasonable efforts to find counsel on their own. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiffs file a motion for counsel, they should set forth how far each of them has gone in school, any jobs each has held inside and outside of prison, any classes each has taken in prison, and any prior litigation experience each has.

13) **The clerk is directed to terminate the Adams County Jail.**

14) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: November 9, 2018

FOR THE COURT:

                                                             s/Sue E. Myerscough
                                                            SUE E. MYERSCOUGH
                                             UNITED STATES DISTRICT JUDGE